**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
**IN RE:**

    **CHRISTINE WISE**

    **Debtor.**
-------------------------------------------------------X

Chapter 13

Case No.: 17-71875
**AMENDED**
**CHAPTER 13 PLAN**

1. The future earnings of the debtor is submitted to the supervision and control of the trustee, and the debtor shall pay to the trustee for a total of **60** months, the sum of **$115,328.85**:

   - **$ 1,472.00** commencing **APRIL 2017** through and including **AUGUST 2017** for a period of **FIVE (5)** months;
   - **$1,964.00** commencing **SEPTEMBER 2017** through and including **MARCH 2022** for a period of **FIFTY-FIVE (55)** months.

2. From the payments so received, the trustee shall make disbursements as follows:
   (a) Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. §507.

   - **Ronald D. Weiss, P.C. to receive legal fees of $2,500.00.**
   - **WELLS FARGO BANK, N.A. (Claim 2) to receive five months post-petition first mortgage payments in the total amount of $5,940.00 to be paid through the plan.**

   (b) Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

**WELLS FARGO BANK, N.A.** (Claim 2 on Claims Register, mortgagee/servicer for real property located at 1186 Waverly Avenue, Holtsville, NY 11742) to be paid pre-petition arrears in the amount of $93,864.81 through the Plan. Post-petition payments to commence directly to Creditor with September 2017 monthly payment. Post-petition payments for the months of April through August 2017 to be paid through the Plan pursuant to Section 2a above.

**WELLS FARGO BANK, N.A.** (Claim 3 on Claims Register, holder of second mortgage for real property located at 1186 Waverly Avenue, Holtsville, NY 11742) to be paid arrears in the amount of **$1,350.00** through the Plan, and to be paid post-petition payments outside the Plan.

   (c) Subsequent to distribution to secured creditors, dividends to **unsecured creditors** whose claims are duly allowed as follows:

   (i) **PHEAA** – student loans, Claim 1 on Claims Register – to remain current and to be paid monthly payments outside the Plan. Not to receive any distribution under the plan and not to be included in any discharge.

   (ii) All other unsecured, non-priority claims: **PRO RATA distribution to all timely filed proofs of claim of not less than 100% (percent).**

3. Except as expressly provided herein, the Debtor shall make all post-petition payments, including but not limited to mortgage payments, vehicle, payments, real estate taxes and income taxes, outside the plan.

### Loss Mitigation/Loan Modification

4. ~~The mortgage due to **WELLS FARGO HOME MORTGAGE** (mortgage lien holder) on the property known as **1186 Waverly Avenue, Holtsville, NY 11742** under account number **x9922** is in default. Said default including all arrears, legal fees and other expenses due to the mortgagee shall be capitalized pursuant to a loan modification under the Court's Loss Mitigation Program, as provided in General Order 582 in the United States Bankruptcy Court for the Eastern District of New York. The debtor post-petition mortgage payments under the Loss Mitigation calculation with the full balance due on the mortgage including all past due payments, late charges, legal fees, escrow deficiency, etc. and totals **$194,157.10** to be paid at 3% interest amortized over forty (40) years will amount to a payment of **$1,273.80** including principal, interest ($695.04), and escrow ($578.76). The estimated monthly payment of **$1,273.80** shall be paid directly to the Chapter 13 Trustee, while a Loss Mitigation application is pending, and until such time as the Debtor has entered into a trial loan modification under the Loss Mitigation Program. Contemporaneous with the approval and commencement of a trial loan modification, the Debtor will amend the Chapter 13 Plan and Schedule J of the Debtor petition to reflect the terms of the trial agreement, including the direct payment, going forward, of the mortgage to the mortgage lienholder.~~

### JUNIOR MORTGAGE LIENS TO BE AVOIDED

5. **Junior Mortgage Liens to be avoided: NONE**

6. All lease agreements are hereby assumed, unless specifically rejected as follows: _____**NONE**_____ .

7. ~~During the pendency of this case, if unsecured creditors are paid, pursuant to paragraph 2(c), less than one hundred percent (100%), beginning with tax year 2016, the debtor shall provide the Trustee with signed copies of federal and state tax returns for each year, no later than April 15th of the year following the tax period. **IN ADDITION TO MONTHLY PLAN PAYMENTS STATED ABOVE IN SECTION 1**, indicated tax refunds are to be paid to the Trustee upon receipt; however, no later than June 15th of the year in which the tax returns are filed.~~

8. Title to the debtor property shall revest to the debtor upon completion of the plan or dismissal of the case, <u>unless otherwise provided in the Order confirming the plan.</u> Throughout the term of this plan, the debtor will not incur post-petition debt over $2,000.00 without written consent of the Chapter 13 Trustee or the Court.

Dated: September 6, 2017


_/s/ Christine Wise_
Debtor


_/s/ Ronald D. Weiss_
RONALD D. WEISS, P.C.
Attorneys for Debtor